LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO BAEZ and JOHN DOE, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>PIZZA ON STONE LLC<br>      d/b/a ADRIENNE'S PIZZA BAR,<br>PETER POULAKAKOS,<br>FRANK CASANO, and NICK ANGELIS<br><br>Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs ALBERTO BAEZ and JOHN DOE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, PIZZA ON STONE, LLC d/b/a ADRIENNE'S PIZZA BAR, (the "Corporate Defendant"), PETER POULAKAKOS, FRANK CASANO, and NICK ANGELIS (collectively, "Individual Defendants," and collectively with the Corporate Defendants, "Defendants") and states as follows:

### INTRODUCTION

1.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages, including overtime compensation, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, due to time-shaving, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ALBERTO BAEZ is a resident of Queens County, New York.

6. Plaintiff JOHN DOE is a resident of New York State.

7. At all relevant times, Defendants PETER POULAKAKOS, FRANK CASANO and NICK ANGELIS have owned and operated a restaurant under the trade name "ADRIENNE'S PIZZA BAR", located at 54 Stone Street, New York, NY 10004 (the "Restaurant").

8. Corporate Defendant PIZZA ON STONE, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 54 Stone Street, New York, NY 10004. *See* **EXHIBIT A**, Defendants' NY State business registration.

9. Individual Defendant PETER POULAKAKOS is an owner and principal of the Corporate Defendant. *See* **EXHIBIT B,** Defendant's NY Liquor License. Defendant PETER

POULAKAKOS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant PETER POULAKAKOS frequently visited the Restaurant. Defendant PETER POULAKAKOS exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant PETER POULAKAKOS directly regarding any of the terms of their employment, and Defendant PETER POULAKAKOS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

10. Individual Defendant FRANK CASANO is an owner and principal of the Corporate Defendant. *See* **EXHIBIT B,** Defendants NY Liquor License. Defendant FRANK CASANO exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant FRANK CASANO frequently visited all the Restaurant locations. Defendant FRANK CASANO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant FRANK CASANO directly regarding any of the terms of their employment, and Defendant FRANK CASANO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule,

compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant NICK ANGELIS is an owner and principal of the Corporate Defendant. *See* **EXHIBIT C,** Defendant's "Margot's Slices" website. Defendant NICK ANGELIS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. Defendant NICK ANGELIS frequently visited all the Restaurant locations. Defendant NICK ANGELIS exercises the power to (and delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant NICK ANGELIS directly regarding any of the terms of their employment, and Defendant NICK ANGELIS had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs ALBERTO BAEZ and JOHN DOE bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, servers, food runners, bussers, porters, dishwashers and delivery persons employed by Defendants on or after the date that is three (3) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiffs ALBERTO BAEZ and JOHN DOE and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek, due to Defendants' policies of time-shaving. Plaintiffs' claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiffs ALBERTO BAEZ and JOHN DOE bring claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, servers, food runners, bussers, porters, dishwashers and delivery persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants'

5

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay proper wages for all hours worked, including those in excess of forty (40) hours each workweek, due to a policy of time-shaving, (ii) failing to pay spread of hours, (iii) failing to provide wage statements in compliance with the New York Labor Law, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

20.     Plaintiffs ALBERTO BAEZ and JOHN DOE are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a) Whether Defendants employed Plaintiffs and Class members within the meaning of the New York Labor Law;

  b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

  c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

  d) Whether Defendants properly notified Plaintiffs and Class members of their hourly rate and overtime rate;

  e) Whether Defendants properly compensated Plaintiffs and class members for all hours worked;

  f) Whether Defendants paid the "spread of hours" premium owed to Plaintiffs and Class members working more than ten hours per day as required by New York Labor Law;

  g) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

  h) Whether Defendants provided proper wage statements informing Plaintiffs and Class members of their proper overtime rate of compensation and other

       information required to be provided on wage statements, as required under the New York Labor Law; and

    i) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

*PLAINTIFF ALBERTO BAEZ*

24. In or around May 2006 Plaintiff ALBERTO BAEZ was hired by Defendants to work as a cook for Defendants' Restaurant. Plaintiff's employment with Defendants terminated in or around March 2020.

25. Throughout his employment with Defendants, Plaintiff worked five (5) days per week, Plaintiff worked seven (7) hours per day from Tuesdays to Fridays, and eleven (11) hours on Sundays, for a total of approximately thirty-nine (39) hours each week.

26. From the beginning of his employment through December 2016, Plaintiff ALBERTO BAEZ was paid at a base hourly rate of $11.00 per hour. From January 2017 to December 2017, Plaintiff was paid at a base hourly rate of $13.00 per hour. From January 2018 to December 2018, Plaintiff was paid at a base hourly rate of $14.00 per hour. From January 2019 to December 2019, Plaintiff was paid at a base hourly rate of $17.00 per hour. From January 2020 to the end of his employment, Plaintiff was paid at a base hourly rate of $18.00 per hour.

27. At all relevant times, Defendants automatically deducted a thirty (30) minute meal break per shift. However, Plaintiff ALBERTO BAEZ and other employees of Defendants were required by Defendants to continue working through this meal break period. Therefore, such "meal breaks" were not bona fide meal breaks. Similarly, FLSA Collective Plaintiffs and Class Members

were required by Defendants to work through their meal breaks and was thus subjected to similarly improper meal break deductions.

28. Throughout his employment with Defendants, Plaintiff ALBERTO BAEZ was required to work shifts exceeding ten (10) hours in duration and would never receive his spread of hour's premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hour's premium.

29. Plaintiff ALBERTO BAEZ routinely discussed Defendants' unlawful time-shaving policy with other employees at the Restaurant. Plaintiff also routinely discussed how Defendants would frequently require employees to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hour's premium. Other employees affirmed to Plaintiff that they suffered similar harms.

30. Defendants never provided Plaintiffs with proper wage notices, as required by the NYLL. Similarly, Class Members were never provided with any proper wage notices.

31. Defendants did not provide Plaintiffs with proper wage statements at all relevant times. Similarly, Class members also did not receive proper wage statements, in violation of the NYLL.

32. Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

33. Plaintiffs, FLSA Collective Plaintiffs, and the Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages and overtime premium.

34. Defendants knowingly and willfully operated their business with a policy of not properly compensating Plaintiffs, FLSA Collective Plaintiffs, and Class Members for all hours worked, including the overtime premium rate of one-and-one-half times the base hourly rate for hours worked in excess of forty (40) hours in a work week, due to time-shaving.

35. Defendants knowingly and willfully operated their business with a policy of not properly compensating Plaintiffs and Class Members for spread of hours premium when Plaintiffs and Class Members worked more than ten (10) hours in a day, as required by the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiffs and Class Members, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class Members, pursuant to the requirements of the NYLL.

38. At no time during the relevant time periods did Defendants provide Plaintiff or the Class members with wage notices or proper wage statements as required by NYLL.

39. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs repeat each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

44. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

45. At all relevant times, Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to time-shaving.

46. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

49.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

50.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

51.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52.     Plaintiffs repeat each and every previous allegation in this class and collective action Complaint as if fully set forth herein.

53.     At all relevant times, Plaintiffs and the Class Members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

54.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendants' policy of time-shaving.

55.     Defendants willfully violated Plaintiffs and Class Members' rights by failing to pay them spread of hours premiums when working shifts that exceeded ten (10) hours, as required by the New York Labor Law;

56.     Defendants willfully violated Plaintiff and the Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

57.     Defendants failed to properly notify employees of their hourly pay rate and

overtime rate, in direct violation of the New York Labor Law;

58. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiffs and Class Members, in direct violation of the New York Labor Law;

59. Defendants failed to provide proper wage statements with every payment issued to Plaintiffs and Class Members, as required by New York Labor Law § 195(3).

60. Due to Defendants' New York Labor Law violations, Plaintiffs and Class Members are entitled to recover from Defendants their unpaid unpaid spread of hours premium, compensation for unpaid off-the-clock hours worked, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ALBERTO BAEZ and JOHN DOE, on behalf of themselves, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation, due to Defendants' policy of time-shaving under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages for off-the-clock work, pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h. Designation of Plaintiffs ALBERTO BAEZ and JOHN DOE as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs ALBERTO BAEZ and JOHN DOE as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs' demand trial by jury on all issues so triable as of right by jury.

Dated: November 22, 2021          Respectfully submitted,

                                  LEE LITIGATION GROUP, PLLC

                          By:     /s/ C.K. Lee

                                  C.K. Lee (CL 4086)
                                  Anne Seelig (AS 3976)
                                  148 West 24th Street, 8th Floor
                                  New York, NY 10011
                                  Tel.: 212-465-1188
                                  Fax: 212-465-1181
                                  *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*