**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ALBERTO BAEZ, *individually and on behalf of others similarly situated*,

                           Plaintiff,

        -against-

PIZZA ON STONE LLC d/b/a ADRIENNE'S PIZZA BAR, PETER POULAKAKOS, FRANK CASANO and NICK ANGELIS,

                           Defendants.
-----------------------------------------------------------------X

**ORDER**

**21-CV-9714 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      This Court's previous Order directed that "by **May 24th**, the Defendants must confer with the Plaintiffs, provide deposition dates for the relevant witnesses and submit to the Court a proposed schedule to complete the agreed-upon class discovery. **The Defendants are reminded of their obligation to comply with that deadline. See Fed. R. Civ. P. 11."** Dkt. No. 84. (emphasis in original).

      The Parties then submitted a jointly proposed schedule: "Plaintiff and Opt-in Plaintiffs' deposition will be taken virtually on June 14, 2024. Individual Defendants and the Corporate Defendant's 30(b)(6) witness's depositions will be taken virtually on June 26, 2024. Therefore, the Parties are jointly proposing an updated fact discovery deadline of July 31, 2024." Dkt. No. 85.

      On June 18th, the Plaintiffs submitted a letter claiming Defendants unilaterally rescheduled the deposition set for the 14th. Dkt. No. 88. Defendants responded that because one Plaintiff asked to reschedule, the Defendants sought to adjourn the deposition for the other Plaintiffs because they did not want to hold multiple days of depositions that would necessitate additional expenses. Dkt. No. 89.

Defendants' counsel also claimed he then scheduled a root canal procedure for the 14th. Dkt. No. 89. Having canceled the deposition scheduled for the 14th, Defendant asserted that the deposition scheduled for the 26th should also be rescheduled.

Defendant has no right to insist on a particular sequence of discovery. See Fed. R. Civ. P. 26(d)(3). If a deposition was scheduled for the 26th, absent an agreement to reschedule, it should have been held.

Therefore, **by July 3rd**, the Defendants shall confer with the Plaintiffs and file a letter on the docket scheduling new dates for the depositions and new proposed deadlines for completing the other outstanding discovery. **The depositions of the Defendants must be completed by July 31st.**

Finally, the Court highlights the Parties' repeated failures to engage in meaningful communication with each other. The Court reminds the Parties of their obligation to work cooperatively in good faith to resolve their disputes. Furthermore, the Court notes that previous failures to respond to letters and other delays have already unnecessarily prolonged the case. Dkt. No. 84. **Once the new depositions are scheduled, no changes to the schedule will be permitted without leave of the Court.**

**The Clerk of the Court is respectfully requested to close Dkt. No. 88.**

SO ORDERED.

DATED:   New York, New York
         June 28, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge