**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALBERTO BAEZ, NOE BAEZ REYES,
IVAN VELAZQUEZ, JOSE GUADALUPE BRITO
TOMAS, and RAMON MENDOZA,
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the Class,*

                        Plaintiff,

                -against-

PIZZA ON STONE LLC
      d/b/a ADRIENNE'S PIZZA BAR,
PETER POULAKAKOS,
FRANK CASANO, and
NICK ANGELIS,

                    Defendants.

**Case No.:** 1:21-cv-09714-JHR-JW

**PLAINTIFFS' LOCAL RULE 56.1**
**STATEMENT OF MATERIAL FACTS**

---

Plaintiffs ALBERTO BAEZ, NOE BAEZ REYES, IVAN VELAZQUEZ, JOSE GUADALUPE BRITO TOMAS, and RAMON MENDOZA (collectively, the "Plaintiffs"), by and through their attorneys, Lee Litigation Group, PLLC, in support of their Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56, submit the following Statement of Material Facts, pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York:

1.    At all times, Corporate Defendant PIZZA ON STONE LLC operated the restaurant known as ADRIENNE'S PIZZA BAR located at 54 Stone Street, New York, NY, 10004. *See* Declaration of C.K. Lee ("Lee Decl.") ¶ 3, **Exhibits A** (notices distributed to Plaintiffs ).

2.    Plaintiffs demanded that Defendants produce their employee records for Plaintiffs. *See* Lee Decl. ¶ 8.

1

3.      In response, Defendants did not produce a notice of any kind for Plaintiff NOE BAEZ REYES. *See* Lee Decl. ¶ 9.

4.      Defendants produced notices distributed to Plaintiffs ALBERTO BAEZ, IVAN VELASQUEZ, JOSE GUADALUPE BRITO TOMAS, and RAMON MENDOZA. However, these do not satisfy wage notice requirements under NYLL § 195(1)(a) because they do not satisfy the requirement that wage notices (1) be both "in English and in the language identified by each employee as the primary language of such employee" and (2) include an "affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified**." *See* Lee Decl. ¶ 3, **Exhibit A**.

5.       All Plaintiffs speak Spanish as their primary language. *See* Declarations of ALBERTO BAEZ, NOE BAEZ REYES, IVAN VELASQUEZ, JOSE GUADALUPE BRITO TOMAS, and RAMON MENDOZA.

6.      Defendants knew which employees spoke Spanish as their primary language because (1) Defendants' 30(b)(6) deponent acknowledged this and (2) Defendants payroll register noted employees' primary language. *See* Lee Decl. ¶ 5, **Exhibit C** (Angelis Dep.) at 71:10-19; ¶ 7, **Exhibit E** (payroll register).

7.      In response to Plaintiffs' discovery requests, Defendants produced no wage statements for Plaintiffs ALBERTO BAEZ, NOE BAEZ REYES, IVAN VELASQUEZ, and RAMON MENDOZA. *See* Lee Decl. ¶ 10.

8.      Defendants produced five (5) wage statements for Plaintiff JOSE GUADALUPE BRITO TOMAS. These did not contain the employer's phone number. *See* Lee Decl. ¶ 6, **Exhibit D**.

2

9. At all times, PIZZA ON STONE, LLC held itself out as Plaintiffs' employer by listing itself as such on wage notices and other documents. *See* Lee Decl. ¶ 3, **Exhibit A** ( notices distributed to Plaintiffs) and ¶ 7, **Exhibit E** (payroll register).

10. At all times, Individual Defendant NICK ANGELES was an employer of Plaintiffs because, in his 30(b)(6) deposition, he has acknowledged that he met all the elements of the *Carter* test. He had (1) the power to hire and fire employees, Lee Decl. ¶ 5, **Exhibit C** (Angelis Deposition) 16:17-19; (2) the authority to determine schedules, *id*. at 26:2-8; (3) responsibility for paying employees, *id*. at 31:8-13; and (4) responsibility for maintaining employee records. *See* id. at 26:6-8.

11. At all times, Individual Defendants PETER POULAKAKOS and FRANK CASANO were employers of Plaintiffs' because BRICK ON STONE, LLC's 30(b)(6) corporate representative attested that they met all the elements of the *Carter* test. They had the (1) the power to hire and fire employees, *id***.** at 28:20-24; (2) the authority to determine schedules, *id*. at 30:17-20; (3) responsibility for paying employees, *id.* at 30:15-17; and (4) responsibility for maintaining employee records. *Id*. at 29:16-19.

12. Defendants time-shaving violations, if proven at trial, were willful because Defendants' 30(b)(6) Corporate Representative could not provide any details about how Defendants managed employee concerns or complaints about pay, other than identifying the floor of the building to which employees with such concerns were sent. *See* Lee. Decl., **Exhibit C** (Angelis Dep.) at 13:4-25; 34:8-35:19.

Dated: August 30, 2024
      New York, New York

Respectfully submitted,

By:    */s/ C.K. Lee*
        C.K. Lee, Esq. (CL 4086)

**LEE LITIGATION GROUP, PLLC**
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*