**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ALBERTO BAEZ, *individually and on behalf of others similarly situated*,

Plaintiffs,

-against-

PIZZA ON STONE LLC d/b/a ADRIENNE'S PIZZA BAR, PETER POULAKAKOS, FRANK CASANO and NICK ANGELIS,

Defendants.
-------------------------------------------------------------X

**ORDER**

**21-CV-9714 (JHR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court has reviewed Defendants' motion to file an answer out of time. Dkt. No. 121. Plaintiffs did not object or otherwise respond within 14 days as outlined by SDNY Local Civil Rule 6.1(b). Thus, the Court will consider the motion unopposed. For the reasons discussed below, the request to file an answer out of time is **GRANTED.**

Under Fed. R. Civ. P. 6 (b) (1) (B), the Court "may, for good cause, extend the time on motion made after the time [to act] has expired if the party failed to act because of excusable neglect."

"[T]he inquiry into whether a failure to abide by a specified time constraint constitutes excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Raymond v. IBM Corp., 148 F.3d 63, 66 (2d Cir.1998) (cleaned up) (applying equitable factors set forth in Supreme Court case Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)). Absent

bad faith, prejudice, or undue burden, courts in this Circuit tend to favor allowing a case to be judged on its merits and "affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). In addition, "[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B) . . . ." Alexander v. Saul, 5 F.4th 139, 154 (2d Cir. 2021) (cleaned up).

Although Plaintiffs made no showing of prejudice or bad faith, the Court has no reason to believe that either factor is present in the instant situation.

*First*, the Court finds the danger of prejudice to the opposing party to be slight. Plaintiffs did not object or articulate any prejudice from allowing Defendants to answer. Moreover, the Court does not believe allowing Defendants to answer would substantially burden the Plaintiffs. The First Amended Complaint, filed on June 3, 2024, added three new plaintiffs and corresponding allegations. Dkt. Nos. 81-1, 87. Plaintiffs have been on notice of the substantive and legal arguments that Defendants intend to make through other, years-old submissions, including the original answer filed in January 2022 and their still-pending opposition to the motion for summary judgment, filed in October 2024. Dkt. Nos. 20 and 108.

*Second*, the Court finds Defendants' reason for delay to be credible. Originally, Defendants were represented by Wayne S. Kreger ("Kreger"). Defendants state that Kreger failed to fulfill his duties to his client, thus leaving Defendants without effective representation. Dkt. No. 121 at 4. This is borne out over the history of the case. Kreger failed to answer the First Amended Complaint despite being counsel of record for Defendants. On May 23, 2024, the Court issued an order granting Plaintiff's request for leave to file an amended complaint and observed that "this is the second time a Motion has been granted due to Defendants' failure to oppose . . .

if Defendants consent to Plaintiffs' proposed Motions, they should indicate that they do so at the outset to reduce unnecessary motion practice. If they do not consent, they should submit their opposition on time." Dkt. No. 84. Despite the Court's admonishment, Kreger failed to timely respond to Plaintiff's motion for summary judgment, filed on August 30, 2024, requiring two extensions. Dkt. Nos. 94, 105, 107. During litigation, Kreger was disbarred. Dkt. Nos. 117-1, 118-1. Defendants were only made aware of Kreger's disbarment and inability to represent them on June 4, 2026, after the Court issued an order noting that Kreger had been "indefinitely disbarred" and ordering that Defendants either show cause why Kreger should not be relieved of representation or file new appearances by July 17, 2026. Dkt. No. 118 at 2. Defendants retained new counsel who filed appearances by this deadline. Dkt. No. 120. Altogether, Kreger's actions support an argument for "excusable neglect".

*Third*, the Court considers the duration of the delay and its impact on judicial proceedings and finds it to be neutral. At two years, the delay is a substantial amount of time. However, its impact on judicial proceedings has been minimal. The case was stayed for almost half a year in 2023 while Parties pursued mediation. Dkt. Nos. 69 and 75. Moreover, the Court is still considering a motion for summary judgment, and no default motion has been filed yet.

*Fourth*, the Court has no reason to believe that Defendants did not act in good faith. Once Defendants were alerted to the disbarment of the attorney, they retained new counsel promptly, who then made the instant motion. There is no evidence before the Court that Defendants are attempting to game the system or gain any tactical advantage.

Having weighed the equities, the Court believes that Defendants should not be punished for the misconduct and incompetence of their former counsel. **Thus,**

Defendant's motion to file the Answer to the First Amended Complaint out of time is **GRANTED**. Defendants are to file their Answer by **September 28, 2026**.

SO ORDERED.

DATED: New York, New York
September 21, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge